Hall, J.
That an action will lie against an adminig* irator or execptor, upon a promise to pay in consideration of assets, seems pretty clear from the following cases : Trewinian v. Howell,* Atkins & wife v. Hill,† Hawkes & wife v. Saunders.‡ It is true, the cases cited from Cowper, are cases of legacies sued for, and although they have been much shaken, if not overruled, in the case of Dicks v. Street,§ the principle of decision in the latter case was upon a different»ygrouncl from that now before the Court. Two out of three of the Judges held, that pn action would not lie at common law for a legacy, be* pause Courts pf Law had no power to compel a husband, yrho sued for his wife’s legacy, to make a settlement upon fier | but a Court of Equity had. Not any of the rea» goning in that case applies to debts which an executor or ¡administrator promises to pay in consideration of assets, If they have money in hand, there is no reason why they ghould not pay; if they haye property, which they use diligence in converting into money, and some accident happen to it not within their control; pr if, in the mean time, they have notice of debts of higher dignity, they pught to be at liberty to shew these things in their de-fence, See Coke, in William Bane's case.ǁ The promise, as was ¡»aid by Lord Mansfield, in Cleverly v. Brett and another, executors¶ eases the creditor from proving assets, and throws the onus on the other side. I think there pught to be judgment for the Plaintiff,
Seawell, J.
Where an action is brought against an pxecytor or administrator upon his promise to pay a debt, if he has assets, the promise will bind him de bonis pro* priis ; and though in the declaration assets must be aver* red, vet proof of the promise is so far evidence of assets, as to place the want of them, to be proven by the executor or administrator. As the assets are the consideration which make the promise binding, whenever it shall be ghown by the Defendant that there are none subject to the *251 Plaintiff’s demand, the promise is then nudum pactum, and will not support an action : and this the executor or administrator may do, by any evidence which would pro* tecthim against the Plaintiff, it the action had been brought against the Defendant as executor or administrator : as by payment without notice to inferior debts or those of equal dignity, or Judgments, or by showing debts of higher dignity, or the like. As this case appears to be a pro* mise xvith assets, I think there should be Judgment for the Plaintiff. But I cannot assent to the opinion that the pro* tnise by the executor or administrator has any other effect, than as regards the form of the action, and that this formal promise makes him personally liable, only because fie whs before liable as executor or administrator,
I can see no analogy between the case of a promise to pay a debt of inferior degree, and the actual payment s for in the former, there is only an undertaking ; but in the latter, the thing is done, and it is not in the power of the executor to recover it back,
Ruffin, J.
The case is, that Troy was indebted to the Plaintiff and died, having appointed H. W. Harrington his executor, to whose hands sufficient assets came to pay the Plaintiff's debt 5 and that H. W. Harrington having assets as aforesaid, promised the Plaintiff in consideration thereof, to pay the said debt; that he after-wards died, leaving the Defendant his executrix. This action is brought against the Defendant, as executrix of H.W. Harrington, to subject his estate upon his promise. The Defendant pleaded non assumpsh, upon which issue was joined and a verdict for the Plaintiff. A motion is now made in arrest of judgment, because there was no consideration for this pi-omise.
I always considered it as a point perfectly settled, that the promise of an executor, having assets at the time of the promis , to pay his testator’s debts, was valid.
*252 Upon looking into the authorities, we find many cases ^herein it has been expressly decided, besides numerous sayings to tl$e same effect in Elementary Books.— Among others, are the cases of Trewinian v. Howell.* Reech v. Kennegal.† Bane's case.‡ and those cited in the argument from Cowper. Such a promise is enforced, and supported by the consideration of the executor’s liability, as executor, to pay the Plaintiff’s demand. He is liable by reason of the assets, and therefore the having of assets is indispensable in such a case. When I speak of assets, as relates to this subject, I mean such estate of the testator as would at that time be liable to the debt of the creditor in a suit at latv—If, for example, the creditor be so by simple contract, the assets in the hands of the executor, necessary to support the assumpsit of the executor, must be such as the creditor would be entitled to recover, if he were then suing the executor, in his representative capacity, for his debt. The executor, therefore, is the mere holder, as it were, of money, which is in justice and conscience another’s.
The consideration may, therefore, be said to consist of the ’strongest moral obligation, as well as a legal liability. The only case relied on to contradict this reasoning, and the strong current of authorities for the Plaintiff, is that of Ram v. Hughes.§ But in that case there was no averment of assets. It is said, indeed, that Hughes died possessed of sufficient effects. But it is not alleged that they ever came to the Defendant’s hands, much less that she had them at the time of her promise. The note of the case in Term Reports seems to me to be a confused one— but its accuracy, in this respect, is evinced by what fell from Lord Mansfield, in Hawkes & ux v. Saunders, ǁ. where he mentions and comments on this circumstance. I agree, therefore, with my Brethren, that the Plaintiff is entitled to judgment} but I cannot accede to the opinion that the Defendant would have been at liberty upon the trial to *253 shew that her testator, Harrington, after his promise, applied the assets to other debts of the testator Troy, and thereby excuse himself from the payment of this debt. If his promise was good at all, it made the debt personal. There is no half-way ground : Harrington must be considered as liable only in his representative capacity, if he ⅛ allowed to shew the state ©f the assets subsequent to the time of his promise. But when we say that by his promise he became per -onally bound, we lose sight of the assets altogether, except so far as regards their situation when the promise was made. In that respect we are obliged to examine into them, for the purpose of ascertaining whether the promise was then good or a nudum pactum* If he then had assets, we all agree that the promise is good.j and he becomes personally liable. It appears to me that settles the other point'! for whenever one becomes personally bound for the debt of another, (no matter how) it becomes his own debt, and must be paid out of his own estate. Nothing but actual satisfaction, or other matter, which would discharge him from any other of his own personal debts, will discharge him from this,
In Bane's case, Lord Coke is express that an executor can only shew, upon the trial, that he had no assets at the time of the promise. The short note of Cleverly v Brett, cited in Pearson v. Henry* relates, as well as the principal case, to the question of assets, on the plea of plena administravit, in a suit against the executor, as such, which is totally different from this. There the question is, what assets the Defendant has, at the time of the plea pleaded, and does not regard the personal liability of the Defendant at all.
Daniei, J. concurred in opinion with Rujítn J,

 Cro Eliz 91.

 Cowp. 84.

 Cowp. 289 1. Ves. 125.

 5 Term 690.

 9 Coke 94.

 5 Term 8, 1818

 Cra. Eliz. 91.

 1 Ves. 126.

 9 Co. 94

 7 T. R. 350

 Cowp. 291.

 5 T. R. O.